235 A.2d 886.

STATE *vs.* CARL FRAZIER.

DECEMBER 6, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an indictment which charges the defendant with the unlawful sale of heroin in violation of the provisions of G. L. 1956, §21-28-32, as amended. The case was tried to a justice of the superior court and a jury which returned a verdict of guilty. His motion for a new trial being denied, the defendant is before us on certain exceptions[1] purportedly taken to various rulings made by the trial justice during the course of the trial.

The bulk of the testimony which led to the conviction of defendant was given by an admitted narcotic addict and prostitute. She purchased the heroin from defendant with money given her for that express purpose by two members of the Providence police "C. Squad." The officers had, with

---

[1]The alleged exceptions are set forth in a document defendant has entitled "Defendant's Reasons of Appeal to the Supreme Court." This is a misnomer which we shall overlook. The defendant should have invoked our appellate jurisdiction by way of a "Bill of Exceptions" rather than "Reasons of Appeal"

the witness' knowledge, followed her as she went to keep her appointment with defendant. The defendant was arrested shortly after this witness had delivered the heroin she had purchased from defendant to the police.

On his appeal to us, defendant's appellate counsel has briefed and argued three points. He first alleges that a portion of the charge given the jury was prejudicial; second, that a mistrial should have been declared when, after the foreman had announced the jury's verdict as "Guilty," a juryman during the subsequent polling of the jury answered "Not guilty" in reply to the court clerk's inquiry;[2] and third, that the trial justice erred in not continuing the poll of the remaining members of the jury after their associate had responded "Not guilty." We have also received a supplementary brief prepared by defendant. In his own brief, defendant repeats the argument that he suffered prejudice by the charge to the jury and further contends that the method employed by the police in this case, particularly in supplying money to the prosecution's witness, raises the issue of entrapment.

We have examined the record and find that there is a notable absence of exceptions taken by defendant in the superior court to any of the actions of which he complains.

The transcript shows that defendant's trial counsel specifically volunteered the statement that he was without an exception to the charge given to the jury. In addition the record discloses that defendant offered no objection to any alleged irregularity with regard to the initial polling of the jury; that defendant made no motion for a mistrial contemporaneous with or subsequent to the jury poll; and that defendant at no time during the trial raised the issue of

---

[2]Upon hearing the response, the trial justice remarked that it was obvious that the jury was not in agreement and he thereupon requested the jury to retire for further deliberations. A short while later, the jury returned with the guilty verdict and a subsequent polling indicated all were in accord with the verdict as then announced by the foreman.

entrapment. Confronted with a record which is barren of any pertinent exceptions, we are precluded from considering his arguments. It is a well-settled rule of this court that in criminal cases, unless a defendant takes a timely exception to the actions of a trial justice which he believes to be wrong, he is foreclosed from arguing their error for the first time on appeal. This rule applies even in cases where the defendant has fully briefed and argued the alleged errors in his appeal. *State* v. *Braica,* 78 R. I. 32, 78 A.2d 374. The only time we will deviate from a strict compliance with the above rule is in those cases where it is shown that the defendant has suffered an abridgment of his basic constitutional rights. *State* v. *Quattrocchi,* 103 R. I. 115, 235 A.2d 99. We do not, however, perceive that such a violation has occurred in the instant case.

In the absence of any exceptions, the defendant's appeal is denied and dismissed, and the case is remitted to the superior court for further proceedings.

Motion for reargument is denied.

*Herbert F. DeSimone,* Attorney General; *Donald P. Ryan, Assistant* Attorney General; *Luc R. LaBrosse,* Special Assistant Attorney General, for plaintiff.

*Leonard A. Kamaras,* for defendant.