**STATE**

v.

**Jeffrey WILLIAMS.**

**No. 79–406–C.A.**

Supreme Court of Rhode Island.

July 14, 1981.

Dennis J. Roberts, II, Atty. Gen., Kathryn A. Salmanson, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Janice M. Weisfeld, Asst. Public Defender, for defendant.

OPINION

WEISBERGER, Justice.

The defendant, Jeffrey Williams, was convicted in the Superior Court of second-degree murder. He appeals this conviction and raises one issue in support of his appeal. He complains solely of an alleged error in the instructions given by the trial justice. The facts pertinent to the issue raised are as follows.

The defendant had engaged in a series of physical altercations with his cousin, Glen Shelton (Shelton), beginning on March 31, 1978. One of these encounters resulted in defendant's striking Shelton on the head with a bottle. Another encounter resulted in a confrontation with knives. Finally, on April 2, 1978, defendant armed himself with a shotgun in anticipation of a possible attack by Shelton. As defendant awaited the arrival of a girlfriend, Shelton appeared and threatened defendant with a knife. In the course of this final confrontation, defendant shot and killed Shelton.

As a result of the testimony of witnesses for the state and for the defense, the trial justice instructed the jury concerning the elements of first-degree murder, second-degree murder, manslaughter, and self-defense. The charge to the jury was detailed and of significant length as was required by the multiplicity of legal issues to be covered. The trial attorney for defendant filed twenty-three requests to charge. At the conclusion of the charge, the trial justice asked counsel to state their objections to the instructions that she had given and informed the jury at that point, "Before I send you out, I have an opportunity to see the attorneys at [the] side bar * * *. They will tell me if I left anything important out." Whereupon defense counsel objected to the failure of the court to instruct with respect to "request number 5, number 11, 12, 16, 23. That's all I have, your Honor." After the final selection process of jurors had been completed and the jury retired to begin its deliberations, the trial justice again inquired of counsel, "Does either attorney want to elaborate on what was said at the side bar?" Counsel for defendant

responded, "I don't wish to, your Honor please."

On appeal defendant asserts as error the failure of the trial justice to instruct in accordance with request number 9 which reads:

"Heat of passion includes rage, resentment, anger, terror and fear. Heat of passion may be produced by fear as well as by rage. *U.S. v. Alexander*, 471 F.2d 923 [D.C.Cir.]."

The trial justice instructed the jury concerning the elements of manslaughter and stated that

"[v]oluntary manslaughter or manslaughter, as I will refer to it now throughout the charge, is the unlawful but intentional killing of a human being without malice aforethought and without premeditation or deliberation, in a sudden heat of passion produced by adequate provocation,"

and later stated:

"I instruct you that the provocation must be of such character and degree as would naturally excite or arouse such passion, and the defendant must act under the smart of that sudden quarrel. * * * [W]e are saying heat of passion, as the term is used in our law, as that kind of passion as naturally would be aroused in the mind of an ordinarily reasonable person of average disposition in the same or similar circumstances * * *."

Nevertheless, defendant's appellate counsel now contend that the failure to give requested instruction number 9 constituted prejudicial error since the jury may not have understood from the instructions as given that "passion" may include fear and terror as well as anger. There is no question that the legal principles stated in request number 9 were correct and have been recognized in this state, *State v. Smith*, 93 A. 1, 4 (R.I. 1915), as well as by many other courts. *E.g., United States v. Alexander*, 471 F.2d 923, 942 n.49 (D.C. Cir.), *cert. denied*, 409 U.S. 1044, 93 S.Ct. 541, 34 L.Ed.2d 494 (1972); *People v. Best*, 13 Cal.App.2d 606, 610, 57 P.2d 168, 170 (1936); *State v. Ryan*, 492 S.W.2d 116, 122 (Mo.App.1973);

*Morgan v. State*, 536 P.2d 952, 954 (Okl. Cr. 1975); *Commonwealth v. Harris*, 472 Pa. 406, 408, 372 A.2d 757, 759 (1977); 2 Wharton, *Criminal Law* § 154 at 240 (14th ed. 1979). The real question at issue, however, is whether this ground for appeal was adequately preserved in the trial court.

Rule 30 of the Superior Court Rules of Criminal Procedure provides in pertinent part:

"No party may assign as error any portion of the charge *or omission therefrom* unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." (Emphasis added.)

In the case at bar, defendant's trial counsel in accordance with the rule specifically called to the trial justice's attention certain requests to charge, the omission of which he asserted as error prejudicial to his client. He further specifically disclaimed any other error of commission or omission. We have repeatedly stated that we shall not consider on appeal asserted errors in the instructions of the trial justice unless timely objection is made in the trial court. *State v. Marrapese*, 116 R.I. 1, 12, 351 A.2d 95, 100 (1976); *State v. Crescenzo*, 114 R.I. 242, 258, 332 A.2d 421, 430–31 (1975); *State v. Murphy*, 113 R.I. 565, 577, 323 A.2d 561, 567 (1974); *State v. Amado*, 109 R.I. 53, 58, 280 A.2d 324, 327 (1971).

The defendant in his brief cites cases in which we have declined to review instructions when a defendant has failed to object to the instruction or to request a different one. *State v. Pailin*, 114 R.I. 725, 339 A.2d 253 (1975); *State v. Carraturo*, 112 R.I. 179, 308 A.2d 828 (1973). However, defendant misconceives the thrust of these cases. In *State v. Pailin, supra*, although we observed that the defendant had not requested an instruction in accordance with his appellate position, we set forth the terms of Super.R. Crim.P. 30 and reiterated our position that an objection at the conclusion of the charge was essential to preserve the claim of error.

The trial judge in a complex criminal case such as the case at bar may well speak to a

jury for a period exceeding an hour concerning the legal concepts that jurors must consider, and the trial judge must in the course of such a period expand upon numerous legal theories. The usual charge in such a case would cover, among other things, elements of possible crimes which the jury might find have been committed, the effect of various defenses or mitigating circumstances, burden of proof, credibility of witnesses, impeachment, unanimity required in order to reach a verdict, the need of impartiality, the nature of inferences, all related to the facts of the case in order that abstract theories may be fleshed out in such fashion that a group of lay persons encountering these concepts for the first time may properly apply the law to the case.

During the course of the instructions counsel are expected to listen to the judge, noting whether their requests have been specifically fulfilled or covered by paraphrase in an adequate way, *see, e. g., State v. Sharbuno*, R.I., 390 A.2d 915, 920 (1978), and to determine whether any error of omission or commission has been made. No trial justice may be expected to be endowed with that quantum of total recall which would enable him or her at the conclusion of the charge to be certain that all necessary points have been covered accurately and completely. At this point it is incumbent upon trial counsel to point out to the judge specifically and clearly those areas in which corrections or further instructions may be needed. If counsel fulfills this function, slips of the tongue or other errors may be promptly corrected before the jury begins its deliberations.

The defendant cites *State v. Robalewski*, R.I., 418 A.2d 817, 820 (1980), for the proposition that failure to instruct a jury on every element of the offense may constitute plain error. We note that Rhode Island had not theretofore recognized the plain-error rule. Indeed, in promulgating rules of criminal procedure, Rule 52(b) of the Federal Rules of Criminal Procedure, which deals with plain error, was specifically deleted to conform to Rhode Island case law. *See* Super.R.Crim.P. 52, Reporter's Notes. *See*

*also State v. Quattrocchi*, 103 R.I. 115, 124, 235 A.2d 99, 104 (1967). Thus, errors not asserted in the trial court will only be considered under extraordinary circumstances wherein a defendant has "suffered an abridgment of his basic constitutional rights." *State v. Frazier*, 103 R.I. 199, 201, 235 A.2d 886, 887 (1967), *cert. denied*, 390 U.S. 1033, 88 S.Ct. 1430, 20 L.Ed.2d 292 (1968). Even courts in those jurisdictions wherein Rule 52(b) is in force have frequently asserted that it should not be applied in such a way as to destroy Rule 30. *E. g., United States v. Graydon*, 429 F.2d 120, 123-24 (4th Cir. 1970); *United States v. Ostendorff*, 371 F.2d 729, 731 (4th Cir.), *cert. denied*, 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 229 (1967). We do not believe that the circumstances of this case warrant application of the extraordinary remedy of ignoring the requirements of Super.R.Crim.P. 30.

In the case at bar, counsel called to the trial justice's attention those specific instructions that he claimed were not given. The trial justice had the right to rely on his disclaimer that no other errors were asserted. The failure to assert the error which is now urged on appeal is a bar to our considering the challenge on review.

For the reasons stated, the appeal of the defendant is denied and dismissed, the judgment of conviction is affirmed, and the papers in the case are remanded to the Superior Court.