STATE,

v.

Wayne A. RUPERT.

No. 94–48–C.A.

Supreme Court of Rhode Island.

Nov. 18, 1994.

Jeffrey Pine, Atty. Gen., Jane McSoley, Aaron Weisman, Asst. Attys. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

## OPINION

PER CURIAM.

This case comes before the court pursuant to an order that directed both parties to show cause why the issues raised by the defendant's appeal should not be summarily decided. After hearing oral argument and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided. We affirm the judgment of conviction.

The defendant, Wayne A. Rupert, was tried before a jury and convicted on two counts, assault with a dangerous weapon and felony assault, both upon David Geer (Geer). He was sentenced to two concurrent terms of twenty years with seven years to serve. The defendant appeals from this judgment of conviction. The facts of the case insofar as pertinent to the appeal are as follows.

At trial Geer testified that on September 14, 1992, at approximately nine o'clock in the evening he and his friend, Paul Hand (Hand), walked from Geer's house to the Sportsmen's Club, a bar in Warwick. As they were walking down Seminole Street on their way to the bar, they passed a house, and a group of four or five individuals, including defendant, approached them. Geer testified that defendant separated from the group, called them both insulting names and challenged him to a fight. Nothing occurred after the threats, and Geer and Hand continued walking to the bar where they stayed until approximately midnight.

Geer testified that on their way home from the bar, they passed the same house where they had seen defendant earlier. This time several individuals came at them, brandishing rocks. Geer testified that defendant hit him in the head with a large rock, causing him to fall to the ground. While he was on the ground, between eight and ten individuals began stomping on and kicking him. The defendant threw a large rock at Geer a second time, hitting him in the back. Geer testified that he saw defendant's face both times he was hit.

Geer was seriously injured and was taken to the hospital by ambulance. After spending three nights in the hospital, Geer was released on September 17, 1992, and on the same day gave a statement to the police. In addition to his statement he identified defendant when the police showed him a photo pack containing six pictures, including one of defendant. Prior to trial the police lost the photo pack that Geer had used to identify defendant. Using negatives, however, five of the six photographs were reproduced, including defendant's photo. One picture could not be reproduced because the police could not find the negative.

The defendant raises several issues on appeal. First, defendant claims that the trial judge erred in failing to suppress the photographic identification of defendant. Second, defendant points to three instances in which he claims testimony was improperly admitted into evidence. Finally, defendant argues that because of these errors he did not receive a fair trial and that, therefore, his constitutional rights were violated.

■ The defendant claims that because the police lost the photo array which Geer used to identify him, he was deprived of evidence to show that the identification was faulty. The re-creation of the photo array for trial, however, was appropriate according to Rule 1004 of the Rhode Island Rules of Evidence. That rule states:

"The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if—(1) * * * All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith."

The state and the defense agreed that there was no evidence of bad faith, and defendant does not now challenge that agreement.

■ In addition defendant claims that the re-creation of the photo pack was imper-

missibly suggestive. It is true that a witness's out-of-court identification is not admissible at trial if the identification procedure used by the police was "so unnecessarily suggestive and conducive to a substantial likelihood of misidentification that the accused was denied due process of law." *State v. Holland,* 430 A.2d 1263, 1269 (R.I.1981) (citing *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401, 410 (1972)). Determining whether the pretrial identification procedure amounts to a denial of due process, however, depends on the totality of the circumstances surrounding it. *State v. Porraro,* 121 R.I. 882, 885–86, 404 A.2d 465, 468 (1979).

In the instant case the police lost the original photo pack that Geer had used to identify defendant. Nevertheless, the police were able to reproduce five out of the original six pictures in the photo pack for trial, including the picture of defendant. These five photographs were identical to the originals which Geer had used to identify defendant, and the trial justice found that two of the photographs in the photo pack bore a great resemblance to defendant. The trial justice held that the photo pack was not impermissibly suggestive.

■ In addition the United States Supreme Court has established certain factors to be considered when determining the reliability of identification testimony. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). These factors are as follows: (1) the opportunity of the witnesses to view the offender at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the time between the crime and the confrontation. 409 U.S. at 199–200, 93 S.Ct. at 382, 34 L.Ed.2d at 411.

Geer testified that he saw defendant for the first time when defendant confronted him on the way to the Sportsmen's Club and challenged him to a fight. He saw defendant a second time on his way home from the Sportsmen's Club. Geer testified that defendant hit him two separate times with large rocks. In addition he stated that there was a street light illuminating the area and that he saw defendant's face while defendant was standing above him. Finally Geer identified defendant three days after the incident and testified at trial that he had no doubt that defendant was the person who had hit him. Based on these facts, Geer's identification testimony is reliable, the linchpin of admissibility. *See Manson,* 432 U.S. at 114, 97 S.Ct. at 2253, 53 L.Ed.2d at 154. The trial judge properly found that the use of the photo pack was not unnecessarily suggestive and did not lead to misidentification, especially in light of the identification testimony elicited from Geer at trial.

■ The defendant's second argument is that testimony from three witnesses was improperly admitted into evidence. The defendant first challenges the testimony of Detective Jeffrey Clements as "impermissible buttressing" and "improper vouching" of the state's witness. Second, defendant challenges the prosecutor's cross-examination of his girlfriend, particularly the eliciting of a prior arrest for possession of marijuana to show her bias against the police. Finally, defendant challenges the prosecutor's cross-examination of Scott Paliotti wherein he referred to defendant's alleged nickname "Pus belly." The defendant claims this testimony had no probative value and was prejudicial to defendant.

■ Although defendant claims this testimonial evidence should not have been allowed into evidence, defense counsel failed to object to this testimony at the trial level. "Claims of error, although briefed and argued at the appellate level, are deemed to have been waived if not effectively raised at trial." *State v. Burke,* 529 A.2d 621, 627 (R.I.1987). It is well established that Rhode Island does not recognize the plain-error rule. "Indeed, in promulgating rules of criminal procedure, Rule 52(b) of the Federal Rules of Criminal Procedure, which deals with plain error, was specifically deleted to conform to Rhode Island case law." *State v. Williams,* 432 A.2d 667, 670 (R.I.1981). *See also, State v. Toole,* 640 A.2d 965, 972–73

(R.I.1994); *Burke,* 529 A.2d at 627; *State v. Burke,* 522 A.2d 725, 731 (R.I.1987); *State v. McMaugh,* 512 A.2d 824, 829 (R.I.1986). An exception to Rhode Island's "raise or waive" rule does exist. To qualify as an exception to the rule, the error complained of must be more than harmless error, the record must be sufficient to permit a determination of the issue, the issue must be of constitutional dimension, and counsel's failure to raise the issue must be attributed to a novel rule of law that counsel could not reasonably have known during trial. *State v. Estrada,* 537 A.2d 983, 987 (R.I.1988); *Burke,* 522 A.2d at 731. Defense counsel's failure to object to this testimony at trial is not due to a novel rule of law since all three claims are based on long-established evidentiary rules. *See Estrada,* 537 A.2d at 987.

Furthermore, the testimony of Detective Clements that defendant is challenging was elicited by defense counsel on cross-examination. Defense counsel did not move to strike these responses at trial, and the issue is deemed to have been waived. *See Burke,* 529 A.2d at 627. Because defendant failed to object or to move to strike testimony, he has waived any challenge on these issues in this court.

 Although defendant argues that these errors, which were not preserved for appeal, have the cumulative effect of depriving him of a fair trial, defendant's argument is in essence a claim of ineffective assistance of counsel. It is defense counsel's failure to object at trial that precludes this court from reviewing these issues on appeal. In that circumstance, postconviction application, rather than direct review, is the appropriate vehicle since defendant's claims were not based on specific rulings by the trial justice. *See State v. Gonsalves,* 476 A.2d 108, 112 (R.I.1984) (citing *State v. Levitt,* 118 R.I. 32, 40, 371 A.2d 596, 600 (1977)). Even under the assumption that defendant should assert a claim for ineffective assistance of counsel, he would have the burden of proving that defense counsel had failed to provide reasonably effective assistance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant would have to establish that defense counsel's fail-

ure to object to the above-mentioned testimony constituted a failure so serious as not to be functioning in accordance with the guarantee of the Sixth Amendment. Second, he must show that the errors prejudiced the defense so as to deprive defendant of a fair trial whose result was reliable. *Id.* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

The defendant failed to preserve three separate evidentiary issues for appeal and is now trying to group these issues together to support his claim that he did not receive a fair trial. These issues may not be considered in the aggregate any more than they may be considered individually for the first time on appeal.

All other issues raised by the defendant were carefully considered and deemed to be without merit. For the foregoing reasons the defendant's appeal is denied and dismissed, and the judgment of conviction is affirmed.