**AETNA FINANCE COMPANY d/b/a ITT Financial Services**

v.

**Jean M. DeWITT.**

No. 96–0279.

Supreme Court of Rhode Island.

Oct. 24, 1997.

Eric T. Grande, Pawtucket.

Damon D'Ambrosio, Providence.

### ORDER

The defendant, Jean M. DeWitt (DeWitt), appeals from a Superior Court judgment in favor of the plaintiff, Aetna Finance Company d/b/a ITT Financial Services (Aetna). DeWitt challenges various evidentiary rulings of the trial justice who determined that Aetna was entitled to possession of premises formerly owned by DeWitt. For the reasons set forth below, we affirm the judgment.

Aetna held a mortgage on real estate formerly owned by DeWitt. The property was the subject of a foreclosure sale at which Aetna obtained title to the property. Thereafter, Aetna filed a district court action seeking possession from DeWitt. The case was then removed to Superior Court by stipulation of the parties.

After a trial before a Superior Court justice sitting without a jury, judgment for possession entered in favor of Aetna. The trial justice found that Aetna owned the property, that a notice to quit had been duly served upon DeWitt, and that DeWitt remained in possession. On appeal, DeWitt argues that the trial justice erred in awarding possession of the premises to Aetna because there was no evidence in the record of Aetna's right to possession. DeWitt also argues that the trial justice erroneously admitted and relied upon evidence which had an insufficient foundation to establish the sponsoring witness's personal knowledge of the facts in question.

We ordered DeWitt to show cause why the issues raised in this appeal should not be summarily decided. None having been shown, we proceed to decide this matter without further briefing or argument.

DeWitt contends that the foreclosure deed, which was introduced into evidence through an Aetna witness, was a self-authenticating document that did not need the witness's testimony in order to be admitted. DeWitt's argument proves too much. If in fact the deed was self-authenticating, the fact that it was introduced through testimony when it could have been admitted without any sponsoring witness does not render such evidence inadmissible. Moreover, even if DeWitt had had a sound reason for excluding this deed from the evidence, she failed to make any timely objection to its introduction at trial and therefore she cannot raise this issue on appeal. *See, e.g., State v. Rupert,* 649 A.2d 1013, 1015 (R.I.1994).

DeWitt next contends that the testimony of Aetna's witness, Deborah Gold, should not have been admitted into evidence. Ms. Gold testified that she supervises corporate properties and foreclosed properties for clients such as Aetna. She testified that she is familiar with the property at issue in this case. She stated that Aetna held a mortgage on the property, that Aetna foreclosed on the mortgage, and that DeWitt was still in possession of the property. DeWitt first objected to Ms. Gold's testimony that there was a mortgage on this property and questioned the witness's personal knowledge regarding the foreclosure. We agree with the trial justice, however, that because Ms. Gold's job responsibilities included the management of foreclosed properties for Aetna—including the property at issue here—she was qualified to testify concerning these matters. In addition, as previously noted, the foreclosure deed was admitted into evidence without any timely objection by defendant. In fact, counsel expressly stipulated to the existence of the mortgage. Given these circumstances, we hold that the trial justice correctly found that Aetna was the owner of the property.

DeWitt also questioned Ms. Gold's personal knowledge as to whether DeWitt remained in possession of the premises. The witness stated that she did not personally visit the property, but that her agent did. Although DeWitt did not object at trial to the admission of this evidence, she appears to argue on appeal that such evidence was unreliable because the testimony was not within the realm of the witness's personal knowledge. But having failed to object at trial, DeWitt cannot fault the trial justice on appeal for admitting this evidence. Moreover, other evidence in the record also established that DeWitt was still in possession of the premises after the foreclosure. Attached to the complaint is a notice to quit addressed to DeWitt from Aetna's attorney; plaintiff was served at the property's address; and DeWitt admitted her refusal to quit in her answer. Thus, the trial justice had sufficient evidence before him to conclude that defendant was still in possession of the premises.

For these reasons, DeWitt's appeal is denied and dismissed.