**STATE**

v.

**Patrick KILBURN.**

**No. 99–321–C.A.**

Supreme Court of Rhode Island.

Nov. 8, 2002.

---

Aaron L. Weisman, Providence, for Plaintiff.

Mark Laroche, Providence, for Defendant.

Before WILLIAMS, C.J., LEDERBERG, FLANDERS, GOLDBERG, JJ., and WEISBERGER, C.J. (Ret.).

## OPINION

PER CURIAM.

This case came before the Court for oral argument on September 24, 2002, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised on this appeal should not summarily be decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

On November 7, 1994, the defendant, Patrick Kilburn (Kilburn or defendant), and two confederates invaded the home of attorney Martin Harris in the City of Cranston. One of the group assaulted Mr.

Harris with a knife, and a second confederate threatened the two Harris stepchildren with a gun. The two men fled in a motor vehicle driven by Kilburn. The police pursued the vehicle but Kilburn eluded them and then abandoned the vehicle. The three men fled into the woods. The defendant was arrested in the woods on Tuesday, November 8. The details of the crime are set forth in *State v. Morris*, 744 A.2d 850 (R.I.2000). Morris was tried separately, convicted and sentenced to fifty years imprisonment.

The defendant was charged with nine counts: (1) burglary; (2) assault on Derrick DaLomba (stepchild) with a dangerous weapon; (3) assault on Ericka DaLomba (stepchild) with a dangerous weapon, a pistol; (4) assault on Martin Harris with a dangerous weapon, a knife; (5) assault with intent to rob Mr. Harris while armed with a dangerous weapon in a dwelling house; (6) possession of a pistol after having a previous conviction of a crime of violence; (7) unlawfully carrying a pistol without a license; (8) eluding a police officer; and (9) conspiracy to commit burglary.

After trial, the jury returned verdicts of guilty on all counts, except one and five, upon which judgments of acquittal had been granted by the court. A motion for new trial was heard and denied on March 12, 1996. On April 26, 1996, the trial justice sentenced defendant Kilburn as follows: on counts 2, 3, and 4 (assault with a dangerous weapon) twenty years to serve on each count concurrently; on count 6 (carrying a gun after having been previously convicted of a crime of violence) ten years imprisonment suspended with probation to commence upon defendant's release from incarceration; on count 7 (carrying a gun without a license) ten years imprisonment to be served consecutively to the prior sentences; on count 8, a fine of $200, a thirty day loss of license and ninety days imprisonment to be served consecutively; and on count 9 (conspiracy to commit burglary) ten years imprisonment to be served concurrently with the previous sentences. However, concerning count 9, defendant was adjudged an habitual offender and the conspiracy sentence was enhanced by an additional sentence of twenty years imprisonment, to be served consecutively without parole. After imposing these sentences, the trial justice summarized that the total period of imprisonment was thirty years to serve plus twenty years as an habitual offender, the latter sentence to be served without parole.

The defendant filed an appeal on April 26, 1996, but later withdrew that appeal. On April 20, 1999, after his appeal had been withdrawn, defendant filed a motion to reduce sentence, pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure.

A hearing was scheduled to take place on that motion, but the hearing was vacated at the request of defendant. In an order dated May 12, 1999, which vacated the hearing, the Superior Court justice who had tried the case and imposed the sentence, provided for the filing of memoranda by counsel for defendant and counsel for the state. The trial justice proceeded to decide the motion on the basis of the memoranda. In a written decision, the trial justice denied the motion to reduce sentence. From this order, defendant timely appealed to this Court. In support of his appeal, he raises a number of issues. These issues will be considered in the order of their significance to this opinion. Additional facts will be provided as needed to deal with these issues.

## 1. THE CONSTITUTIONALITY OF THE HABITUAL CRIMINAL STATUTE, G.L.1956 § 12–19–21.

The defendant argues that the habitual criminal statute is unconstitutional

because it violates the ban on double jeopardy contained in the Fifth Amendment to the Constitution of the United States and also by the corresponding provision of article 1, section 7, of the Rhode Island Constitution.

■ This issue was not raised in the Superior Court, and therefore, in accordance with our well-established rule, cannot be raised for the first time before this Court on appeal. *See State v. Breen,* 767 A.2d 50, 57 (R.I.2001). The exception to that rule would require "an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time" of the proceeding in the Superior Court. *Roe v. Gelineau,* 794 A.2d 476, 482 (R.I.2002); *see also State v. Burke,* 522 A.2d 725, 731 (R.I.1987). No such exception is available in this case. Even if this issue were properly before this Court, the defendant could not prevail because we recently affirmed the constitutionality of the habitual offender statute as it was applied by the trial justice in this case. *See State v. Clark,* 754 A.2d 73, 83 (R.I.2000). Consequently, this issue, even if raised, would have been of no assistance to defendant's appeal.

## 2. THE DEFENDANT'S ALLEGED COOPERATION WITH THE STATE

■ The defendant contends that the trial justice abused his discretion in failing to take into account defendant's cooperation with law enforcement authorities. It is true that on December 6, 1994, defendant executed a cooperation agreement with a representative of the Attorney General and a representative of the Cranston Police Department. It is further true that defendant declined to sign a lengthy agreement drafted by representatives of the Attorney General that would have required him to testify against his confeder-

ates in the Cranston crime and also a robbery committed in Warwick, which was under investigation.

The trial justice, in commenting upon defendant's alleged cooperation, completely rejected this argument. He commented as follows:

"That contention is disingenuous. When presented with a written cooperation agreement, Kilburn refused to sign it and refused to testify against his confederates. He is deserving of no credit whatsoever for refusing to cooperate with the authorities."

■ Also in support of his argument on this issue, defendant contends that the trial justice failed to schedule an evidentiary hearing on his motion to reduce sentence so that "witnesses could be scheduled and testimony could be heard as to exactly what transpired with regard to Mr. Kilburn's efforts to cooperate with the state in this case." The short answer to this contention is that defendant at no time requested an evidentiary hearing. A scheduled hearing was vacated at the request of defendant and the filing of written memoranda was directed. The question concerning whether a hearing would be necessary was left to the discretion of the trial justice. The record contains no indication that counsel for defendant objected to this procedure or made any request for an evidentiary hearing at any time to the trial justice.

The finding that defendant's alleged cooperation was of no benefit to the prosecution because of his refusal to testify can scarcely be termed an abuse of discretion. *See Pezzucco v. State,* 652 A.2d 977, 979 (R.I.1995) (per curiam). The defendant's argument on this issue is without merit.

## 3. THE SEVERITY OF THE SENTENCE

■ The defendant argues that his sentence is excessive in comparison to his

codefendant, Michael Lopez, who pleaded nolo contendere to the charges and was sentenced to a period of ten years to serve. The trial justice commented on this contention as follows:

"Although Lopez carried the firearm, it was Kilburn who procured it; it was Kilburn who enlisted Lopez; it was Kilburn who facilitated the venture; and, it was Kilburn who sped away with his cohorts in a high speed effort to elude the police. Further, Lopez' lesser sentence was a result of an earlier negotiated plea based upon the State's recognition that its case against Lopez was decidedly less weighty because of identification issues. Unlike Kilburn and Morris, Lopez was not alleged by the State to be an habitual offender. Lastly, Kilburn ignores the fact that co-defendant Morris' sentence was essentially the same as his. Obviously, no sentence disparity exists between them.

"As the facilitator of this criminal venture, Kilburn was well-deserving of a sentence greater than that which was allotted to Lopez."

■■ We have held that a motion to reduce sentence under Rule 35 "is essentially a plea for leniency." *State v. Furtado*, 774 A.2d 38, 39 (R.I.2001) (per curiam); *State v. Ferrara*, 748 A.2d 246, 248 (R.I. 2000) (per curiam). Such a motion is addressed to the discretion of the trial justice. *State v. Mollicone*, 746 A.2d 135, 137 (R.I.2000) (per curiam). A review of such a motion is limited to determining whether the trial justice committed an abuse of discretion and will be granted only in rare instances when the sentence is without justification and is grossly disparate from other sentences imposed for similar offenses. *State v. Bustamante*, 793 A.2d 1038, 1040 (R.I.2002) (per curiam). The trial justice emphasized the distinction be-

tween the record of Lopez and that of Kilburn when he commented:

"Within the short span of six years when Kilburn attained the age of eighteen in October of 1988, to the time he committed the instant offense in November of 1994, he was convicted of numerous criminal offenses, including robbery, breaking and entering (three times), larceny (twice, including larceny of a firearm), escape, possession of cocaine, receiving stolen goods, and aiding and abetting the fraudulent use of a credit card.

"Jail sentences imposed on prior occasions obviously did not deter Kilburn from continuing his criminal escapades. Indeed, after he was released from prison on the aiding and abetting offense, he waited only about one month before he committed the instant offense. In short, Kilburn is an incorrigible offender, without remorse and impervious to efforts by the courts to deter his criminal propensities."

The trial justice established the rationale for this long sentence and distinguished it most persuasively from the sentence given to Lopez, whose record was not comparable to that of Kilburn.

■ The defendant also argues that his sentence was excessive when compared with other habitual offenders and offers for the first time on appeal statistics obtained from the Department of Corrections. No such statistical evidence was presented to the trial justice by memorandum or otherwise. Indeed, the trial justice commented in his decision that Kilburn neither provided nor offered any such statistical analysis. Clearly, defendant has failed to preserve this issue for our review. *See State v. Rupert*, 649 A.2d 1013 (R.I. 1994) (per curiam). The defendant's argument in support of his contention that his sentence was excessive is unpersuasive in

the circumstances of this case, and we therefore hold that the trial justice did not abuse his discretion in imposing the sentence of thirty years, as enhanced by the habitual offender statute, with an additional twenty years of imprisonment to be served without parole, aggregating a total of fifty years imprisonment.

## 4. THE MOTION TO SUPPRESS

The defendant also seeks to raise an issue relating to an error allegedly committed by the trial justice in declining to suppress incriminatory statements defendant made to the police after he was arrested.

This issue could be raised on only direct appeal from his judgment of conviction. The defendant withdrew his appeal and therefore has waived any issue that might have been raised in support thereof. It is clearly beyond question that a trial error may not be raised to support a motion to reduce sentence under Rule 35.

### CONCLUSION

For the reasons stated, the appeal of the defendant is denied and dismissed. The order of the Superior Court denying his motion to reduce sentence is hereby affirmed. The papers in the case may be returned to the Superior Court.