Justice GOLDBERG',
dissenting.
In my opinion, the defendant, Juan Sol-er, waived any argument concerning the trial justice’s failure to give the jury a self-defense instruction when he went to sidebar after the trial justice instructed the jury and explicitly stated that he had “[n]o exception” to the charge. Therefore, I respectfully dissent.[1]
In my opinion, this case is distinguishable from our recent decision in State v. Davis, 131 A.3d 679 (R.I.2016), on two significant grounds. First, Davis involved an in-court charging conference that occurred after a chambers conference and after the trial justice had provided the parties with written copies of his proposed jury instructions. See id.- at 690. The defendant in Davis requested that the court instruct the jury to disregard what the prosecutor said during his opening statement about a witness who subsequently refused to testify at trial. Id. Further, defense counsel contended that, if the court refused to so instruct, then he should be allowed during his closing argument to the jury to refer to the fact that the witness did not testify.[2] Id. In this case, by contrast, the colloquy that preceded the trial justice’s ruling that she would not-give a self-defense instruction was precipitated by the state’s motion to preclude defendant from arguing self-defense in his closing argument. Although the discussion morphed into one about a- self-defense instruction and whether defense counsel would be permitted to argue self-defense to the. jury, this exchange clearly was not a charging conference. Significantly, there was no written request to charge submitted by defendant in accordance with Rule 30 of the Superior Court Rules of Criminal Procedure. It is my opinion that our holding in Davis must be limited to cases in which the objection is raised on the record at a charging conference or charging hearing, after counsel has been provided with the instructions the court intends to 'deliver. Otherwise, we are embarking upon judicially created exceptions to our Rules of Criminal Procedure to be-applied on an ad hoc basis. Such a practice will lead to inconsistent results and is wrong.
Second, and more significantly, in Davis, this Court was not confronted with a situation in which defense counsel went to sidebar and declared that he had no objection to the court’s instructions. In Davis, defense counsel proffered several objections at sidebar that were in addition to those raised during the earlier hearing on jury instructions. See Davis, 131 A.3d at 691. In the case at bar, defense counsel did not simply fail to object. He went much further. After the trial justice charged the jury, she asked the attorneys at a sidebar conference, “Any exceptions to the charge?” Defense counsel responded, “No exception.” Words have meaning. “No exception” means no exception. It does not mean no exception other than what was discussed earlier or no exception other *766 than the objection to the failure to give a self-defense instruction.
In my opinion, Davis should not stand for, nor should it be read as having created, a court-made escape clause for cases in which counsel declares that he has “[n]o exception” or no objection to the charge. If a party wishes to preserve his objection to the jury charge, he or she should say so when asked on the record if he or she has any objection after the charge is given. In this case, defense counsel never made an objection at any point in the trial. After today, a defendant could silently abandon, as a matter of trial strategy, a request for a particular jury instruction and then, if the strategy backfires, claim on appeal that the issue nevertheless was preserved under the majority opinion in this case. This Court has been careful to guard against such a situation. In State v. Cotty, 899 A.2d 482, 496-97 (R.I.2006), this Court declared that the defendant failed to preserve for appellate review any objection to the trial justice’s refusal to give a particular instruction (request No. 30) relating to character evidence concerning the complainant. After the initial charge to the jury, defense counsel objected to the failure of the trial justice to give several instructions, including request No. 30, whereupon the court gave another series of instructions that did not include request No. 30. Id. at 497. When the trial justice again inquired of counsel if he had any objections, defense counsel responded, “No, Judge, it’s fine.” Id. This Court declared that the objection was not preserved for appellate review because
“[t]his response could reasonably be understood to mean (1) that defense counsel was satisfied that the instructions given by the trial justice after [the] defendant’s objection had cured any perceived error contained therein or (2) that defense counsel, for tactical reasons, had opted not to pursue the matter further. If, at the end of the trial justice’s supplemental charge to the jury, [the] defendant still felt that the substance of the content of request No. 30 had been omitted improperly, [the] defendant should have distinctly stated his objection and the grounds for same on the record at that time.” Id. (emphasis added).
In the case before us, because we are confronted with an affirmative response by defense counsel that he had no exception to the trial justice’s instructions to the jury, we should follow our holding in Cotty.
More fundamentally, I am of the opinion that the majority’s decision today extends Davis and is a marked departure from the plain text of Rule 30. In pertinent part, Rule 30 provides that “[n]o party may assign as error any portion of the charge or omission therefrom unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the party’s objection.” (Emphasis added.) This means that, in order to assign error to any portion of a jury charge or an omission from the charge, a party must object to the charge — and that cannot be done unless the charge has been given. See State v. Williams, 432 A.2d 667, 669 (R.I.1981) (explaining that, under Rule 30, “an objection at the conclusion of the charge [is] essential to preserve the claim of error”). Unless, as was the situation in Davis, a party actually has the written instructions in hand, I am hard-pressed to countenance a situation in which a party preserves for appellate review an objection to jury instructions that have not yet been given.
Significantly, in this state, Rule 30 is “patterned upon” Rule 30 of the Federal Rules of Criminal Procedure (Federal Rule 30). Reporter’s Notes to Super. *767 R.Crim. P. 30 at 621. The practice in the federal courts, at least in the United States Court of Appeals for the First Circuit, under the version upon which Rule 30 was patterned as well as under the current version, is that an objection must be made after the charge is given and before the jury retires to deliberate. Prior to 2002, Federal Rule 30 contained nearly identical language to that contained in our Rule 30: “No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection.” United States v. O’Connor, 28 F.3d 218, 221 (1st Cir.1994) (quoting Federal Rule 30). Although the pertinent language of the federal rule was amended in 2002, “[t]he amendment [did] not address the issue of whether objections to the instructions must be renewed after the instructions are given[] in order to preserve a claim of error. No change in practice [was] intended by the amendment.” Federal Rule 30, Advisory Committee Notes, 2002 Amendments (emphasis added). Consistent with the explanation given in the Advisory Committee Notes to Federal Rule 30, the First Circuit has continued to apply the preservation rule that existed in that circuit before the 2002 amendment. See, e.g., United States v. Meadows, 571 F.3d 131, 146 (1st Cir.2009); see also United States v. Gemma, 818 F.3d 23, 38 (1st Cir.2016).
Thus, at the time when Federal Rule 30 contained language nearly identical to that contained in our Rule 30, federal law, which serves as our guidepost, was abundantly clear: In order to be preserved for appellate review, the objection must be made after the charge was given to the jury.[3] The 2002 amendment did not change that law in any way. Our learned colleagues on the First Circuit have explained:
“As we have repeatedly held, [Federal Rule 30] means what it says. A party may not claim error in the judge’s charge to the jury unless that party ‘objects’ after the judge gives the charge but before the ‘jury retires.’ and, when objecting the party must ‘stat[e] * * '* distinctly the matter to which that party objects and the grounds of that objection.’ ” O’Connor, 28 F.3d at 221 (quoting United States v. Wilkinson, 926 F.2d 22, 26 (1st Cir.1991) (Breyer, C.J.), overruled in part on other grounds as stated in United States v. Vazquez, 724 F.3d 15, 22 (1st Cir.2013)).
See also Meadows, 571 F.3d at 146. (“To preserve an objection to a jury instruction under [Federal Rule 30], a litigant must lodge a specific objection and state the grounds for the objection after the court has charged the jury and before the jury begins deliberations. * * * Objections registered during pre-charge hearings are insufficient to preserve the issue.” (quoting United States v. Roberson, 459 F.3d 39, 45 (1st Cir.2006))). This Court has never been confronted with a case requiring us to decide whether, in the absence of a charging conference, an objection to a jury charge made before the charge is given to the jury suffices to preserve the issue for our review. I am persuaded by the soundness of the First Circuit’s consistent interpretation of either version of Federal Rule 30: that the rule-requires that an objection *768 must be-made after the charge is given; if no such post-charge objection is made, a pre-charge objection cannot preserve the claim of error,[4]
Because of my conclusion that the text of Rule 30 mandates that a litigant object to the jury charge after it is given, I cannot join the majority opinion in this case. In Davis, 131 A.3d at 691, this Court concluded that “we would be elevating form over substance if we were to hold that [the] defendant failed to adequately preserve the issue of the trial justice’s denial of a request for a limiting instruction.” The majority invokes a similar rationale in this case. I appreciate the concerns of my colleagues, but, in my opinion, there is no place for this sympathy. When an attorney goes to sidebar after the trial justice instructs the jury and states “[n]o exception” to the charge, particularly when that lawyer has never béfore articulated an objection on the record, the issue is closed.
The conclusion that defendant failed to preserve this issue because he failed to object after'the charge was given may well represent the elevation of form over substance, but it is important to consider precisely why that is necessary. In my opinion, the text of Rule 30 mandates that objections to the jury charge must be made after the charge' is given in order to be properly preserved. It is the text of the rule that commands the triumph of form over substance, and we fail to fulfill our roles as judges when we ceasé’ to enforce clear rules whenever we deem the result unpalatable. After all, the drawbacks of' a' bright-line rule often go hand in hand with its virtue's. ’ Furthermore, a hard-and-fast rule provides clear guidance to the bench and bar.
To the extent that Davis represented the first step in a judicial departure from the language of Rule 30, this case is a leap into the unknown world of judicial fiat. It is a journey upon which I decline to embark. Unless and until Rule 30 is amended, it should be enforced as written. Consequently, I respectfully dissent.

. I begin by noting that the case was tried in the Superior Court ten years ago, The-defendant fled midtrial and was not apprehended until sometime in 2012.- The defendant’s motion for a new trial .was denied in March 2013, and he was sentenced in April of that year. It has taken another three years for his case to come before this Court,'

. This issue was not addressed by this Court,

. "This [C]ourt has stated previously that where the federal rule and our state rule of procedure are substantially similar, we will look to the federal courts for guidance or interpretation of our own rule.” State v. Brown, 88 A.3d 1101, 1110 n. 7 (R.I,2014) (quoting Henderson v. Newport County Regional Young Men’s Christian Association, 966 A.2d 1242, 1246 (R.I.2009)).

. I noté that in State v. Palmer, 962 A.2d 758, 765-66 (R.I.2009), this Court held that, notwithstanding the defendant's pre-charge objection to the trial justice’s indication that he would give the jury a flight instruction, the defendant failed to preserve tire issue for our .. review ,• when he failed to object after the charge was given because the trial justice told the attorneys that objections to the charge should be made after it was given. In a footnote, we added that ‘‘[w]e are aware that Rule 30 of the Superior Court Rules of Criminal Procedure does not explicitly mandate that objections to instructions be made after the instructions are given.” Id. at 766 n. 5. In my opinion, this comment — contained in a footnote — about what the rule does not “explicitly mandate” overlooks the First Circuit’s persuasive interpretation of a once similarly worded rule upon which Rule 30 was’ patterned.